UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           Case No. 8:15-cr-224-T-33AAS

EDISON GEOVANNY DELGADO ROSADO

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant's pro se Motion for Minor Role Reduction in Light of Amendment 794 (Doc. # 124), filed on March 31, 2017. The Government responded on June 1, 2017. (Doc. # 133). For the reasons below, Defendant's Motion is denied.

**I.  Background**

On May 30, 2015, Defendant was one of four crew members onboard a go-fast vessel carrying 740 kilograms of cocaine that was intercepted by the U.S. Coast Guard approximately 130 nautical miles south-southwest of Puerto San Jose, Guatemala. (Doc. # 61 at 5). Defendant was subsequently indicted on June 23, 2015. (Doc. # 1). In Count One of the indictment, Defendant was charged with conspiring with others to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)

and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Id.) In Count Two, he was charged with possession with the intent to distribute five kilograms or more of cocaine while aiding and abetting others in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 21 U.S.C. § 960(b)1(B)(ii), and 18 U.S.C. § 2. (Id.). Defendant pled guilty to Count One, and the government dismissed count two pursuant to Fed. R. Crim. P. 11(c)(1)(A). (Doc. # 23). Consequently, he was sentenced to 120 months' imprisonment on October 22, 2015. (Doc. # 67). Defendant now moves this Court to reduce his sentence pursuant to Amendment 794 to U.S.S.G. § 3B1.2. (Doc. # 124).

## II. Analysis

### A. Retroactive Application

In his Motion, Defendant argues his role as a crewmember onboard a vessel falls within the scope of § 3B1.2, and, in light of Amendment 794, entitles him to receive a minor role reduction. (Doc. # 124 at 3). Defendant is incorrect, however, as to the Amendment's retroactive applicability. Section 1B1.10(a)(1) prescribes that only amendments listed in § 1B1.10(d) can be retroactively applied, and Amendment 794 is not listed in subsection (d). U.S.S.G. § 1B1.10(a)-(d); see also United States v. Armstrong, 347 F.3d 905, 907-09 (11th Cir. 2003); United States v. Gamarra-Murillo, No. 8:04-

CR-349-T-27EAJ, 2016 U.S. Dist. LEXIS 185457, at *2 (M.D. Fla. Dec. 1, 2016).

**B.     Minor Role Adjustment**

Even if Amendment 794 could be applied retroactively, Defendant's role was not minor under the Sentencing Guidelines. In light of Amendment 794, Defendant argues he did not have a proprietary interest in the criminal activity; "he was merely being paid to perform certain task[s] by opportunistic drug traffickers." (Doc. # 124 at 3). He also notes playing an essential or indispensable role in the criminal activity no longer precludes a defendant from receiving an adjustment under the Guidelines.

This Court, however, finds Defendant's arguments unpersuasive. For his role in the conspiracy, Defendant stood to make approximately 15 years' worth of wages for just a couple days' work. So, while Defendant may not have possessed any proprietary interest in the criminal activity, he stood to benefit substantially from his role in the conspiracy. In addition, the list of factors provided by Amendment 794 is non-exhaustive. As such, this Court has considered other factors—in addition to Defendant's essential role in the criminal activity—that weigh against a minor role adjustment.

As established by the Guidelines and governing case law, this Court's determination of a defendant's role in an offense is informed by a two prong analysis: (1) "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing" and (2) "[his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc). Under the first prong, it is not enough that the defendant merely points out his role in a larger criminal conspiracy; rather, he must establish that he played a minor role in the conduct for which he has already been held accountable. Id. at 944. Under the second prong, this Court may consider "only those participants who were involved in the relevant conduct attributed to the defendant." Id.

Here, the relevant conduct is limited to Defendant's role in conspiring to possess with intent to distribute cocaine, to which he pled guilty. Thus, he is being held accountable only for his role as a crewman onboard a vessel transporting cocaine, nothing more. Ultimately, the fact that Defendant's role was relatively minor in comparison to the criminal activity of the overall criminal enterprise is immaterial. See Id.

Moreover, all of the crewmen pled guilty to the same count and all, with the exception of the boat's captain, received the same sentence.[1] (Doc. ## 67, 87, 89, 94). Therefore, when compared to the other crewmen's sentences, Defendant's sentence reflects this Court's determination that he was equally culpable. Even if Defendant could somehow establish he was the least culpable of the crewmen, that fact alone is not dispositive. See Id. (noting the possibility that none of the participants played a minor role). Therefore, in light of Amendment 794 to the Sentencing Guidelines, Defendant has still failed to establish that he is entitled to a minor role reduction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Minor Role Reduction in Light of Amendment 794 (Doc. # 124) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of June, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] On September 23, 2016, a motion by the United States for reduction in sentence pursuant to Fed. R. Crim. P. 35(b) (Doc. # 102) was granted, thereby reducing Defendant's sentence from 120 to 87 months' imprisonment. (Doc. ## 103, 104).